## ROBERTA KIRK
*vs.*
## WESTERN UNION TELEGRAPH CO.

Superior Court          New Haven County          File No. 65483

MEMORANDUM FILED NOVEMBER 14, 1944.

*George W. Crawford,* of New Haven, for the Plaintiff.

*Wiggin & Dana,* of New Haven, for the Defendant.

COMLEY, J. The demurrer involves the complaint as a whole. If the complaint sets out a cause of action the demurrer must be overruled.

The plaintiff claims she has a cause of action on the contract. Under the law of Alabama the sendee can recover on the contract only if it is found that the contract was for her sole benefit. It is not so alleged in the complaint. That she had an interest in the subject matter is a fair inference from the facts alleged. But it also appears that the sender had an interest; to free itself from the burden of the funeral arrangements. The plaintiff has the right to allege and prove that the contract was for her sole benefit. But she has not alleged it.

It appears to me that the allegations of the complaint are not equivalent to such an allegation.

But the law of Alabama seems to be that because of the character of the defendant's business and its relation to the public at large the plaintiff has a right to compensation for damages following the alleged negligence of the defendant in the performance of a contract made for her benefit, although not for her sole benefit. I conclude that the complaint sets out a good cause of action in tort. What damage she suffered, and whether the alleged negligence of the defendant was the proximate cause of the damage are questions of fact, the proof of which should not be deflected by a demurrer.

The demurrer is overruled.